Statement.

---

## Wytheville.

### LASKEY v. BURRILL AND OTHERS.

#### June 14, 1906.

1. APPEAL AND ERROR—*Petition for Appeal—Grounds of Appeal.*— While the assignment of error relied on in the petition for an appeal in this cause is not as specific as it might have been, it is clear that the error complained of is the refusal of the trial court to permit an amended and supplemental bill to be filed, and is sufficient. The petition gives a history of the proceedings in the cause, the substance of the allegations of the original and amended bills and of the evidence rejected because of a supposed variance at the trial of an issue awarded on the original bill, and then "submits" that in the light of the evidence there was no such variance sought to be set up by the amendment as justified the trial court in refusing the amendment and dismissing the bill.

2. EQUITY PLEADING—*Variance Between Allegation and Proof—Amendments.*—Where one partner has been induced to accept from another a given sum for his interest in the firm, by reason of a false statement in writing made by that other as to the state of accounts of the firm, and the former sues to set aside the sale, and charges in his bill that the false statement was on a separate paper, but it develops in the proof that it was in one of the books of the firm, he may amend his bill so as to conform to the facts, if, indeed, the variance is material.

3. EQUITY PLEADING — *Amendments — Variance — Sworn Pleadings.*— Amendments of equity pleadings so as to conform them to the proofs are freely allowed if promptly made after the necessity arises and before a final decree. This is especially true when the amendment is slight, and no new issues are made. Even sworn bills may be amended when necessary to prevent a failure of justice, though such amendments are allowed with great caution.

Appeal from a decree of the Corporation Court of the city

·of Newport News, in a suit in chancery. Decree for the defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Lett & Massie,* and *C. C. Mitchell,* for the appellant.

*Ashby & Read* and *R. G. Bickford,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This is an appeal from a decree of the Corporation Court of the city of Newport News, refusing leave to the complainant, the appellant here, to file an amended and supplemental bill and striking the case from the docket.

The principal object of the suit, which was brought to the first March rules, 1903, was to have a settlement of the accounts between the complainant and defendants, growing out of an alleged partnership between them, to ascertain the balance due the complainant, and to have a decree therefor. In order to make the relief sought effective, the bill, which was sworn to, prayed for an ancillary attachment, an injunction, and the appointment of a receiver.

The bill was answered by Burrill, one of the defendants, at the next rules after it was filed, denying its material allegations.

It appearing from affidavits filed that there would be much conflict in the evidence to be taken to sustain the respective contentions of the complainant and the defendant, Burrill, who had become the owner of the interests of his two co-defendants, the other members of the alleged partnership, issues out of chancery were directed at the July term of the court, to be tried upon the common law side thereof.

On the first trial of the issues, which was at the November term, 1903, of the court, the jury failed to agree. Upon the second trial, which was had at the July term, 1904, of the court, after all the evidence on both sides had been introduced, the defendant moved the court to strike out all the plaintiff's evidence, on the ground of variance between it and the allegations of the bill. The court sustained the motion, and struck out all of the complainant's evidence. To this action of the court the complainant objected and excepted, and filed his bills of exception, which were signed and made a part of the record. He thereupon moved the court to permit him to amend his bill at bar so as to conform to the evidence introduced, and to proceed with the trial of the issues submitted. Upon objection, his motion to amend was refused. To this action of the court he excepted, and tendered his bill of exception, which was signed and made a part of the record. A juror was then withdrawn, and the rest of the jury discharged, upon the ground that there was no evidence upon which to render a verdict. Thereupon the court certified "these facts, together with the evidence, the motions made, the objections thereto, the rulings of the court thereon, the exceptions thereto, and the bills of exception signed, sealed and made a part of the record, back to the chancery side of the Corporation Court . . ."

At the November term of the court (1904) the complainant tendered an amended bill, and prayed the court that he be allowed to file the same, which amended the original bill by omitting paragraphs three and four of that bill, and inserting in lieu thereof the allegations of the amended bill. The amended bill was not sworn to. At the January term (1905), the court having taken time to consider, refused to allow that amended bill to be filed, but gave leave to the complainant, until the first day of the next term of the court, to offer another amended bill.

On the first day of the February term of the court the complainant tendered as amended and supplemental bill, which was sworn to, in which he gave a history of the proceedings had in the cause prior to that time, amended his bill in certain particulars so as to conform to the proof adduced on the trial of the issues on the law side of the court, alleged that the defendants, other than Burrill, were no longer necessary parties to the suit, as they had sold their interests in the partnership assets to Burrill, prayed that the latter be made a party to the amended and supplemental bill, and for the same relief that was asked for by the original bill, except the ancillary relief of attachment, etc.

The cause was brought on to be heard upon the motion of the complainant to file his amended and supplemental bill, the defendant's objection thereto, the papers formerly read and proceedings formerly had; and "the court being of opinion that the said amended and supplemental bill now tendered should not be filed herein, doth refuse to allow the same to be filed and doth reject the same; and the court being satisfied of the correctness of the judgment of the common law court certified to the chancery side hereof, it is adjudged, ordered and decreed that this cause be now dismissed and stricken from the docket of the court at the costs of the complainant." From that decree this appeal was taken.

The appellees insist that the appellant is not entitled to have this court consider his appeal, because he has failed in his petition for appeal to assign errors in the specific and definite manner required by section 3464 of the Code, as is necessary under the decisions of this court construing that statute.

The appellant, after giving a history of the proceedings in the cause, the substance of the allegations in the original bill and of the amended bills, and of the evidence which was excluded because of the supposed variance, says: "Your peti-

tioner, therefore, submits that in the light of the evidence there was no variance, and certainly no such case was sought to be set up by the amendment that a court of equity was justified in refusing to permit the amendment and dismissing the suit."

While the assignment of error relied on here is not as specific as it might have been it is clear that it is to the refusal of the trial court to permit the amended and supplemental bill to be filed, and is sufficient.

It may well be doubted whether there was any such variance between the allegations of the original bill and the evidence offered to sustain them as justified the court in excluding the evidence. Whether the *statement,* which was the basis of the settlement or calculation made when the $2,305 was paid, was on a separate paper, as the allegations of the original bill would seem to indicate it was, or was in one of the books of the partnership, as the amended and supplemental bill alleged, was not very material. The inquiry was whether or not the complainant had been induced to accept the $2,305 in full of his interest in the partnership profits or assets by reason of representations made by the defendant, Burrill, that the statement or account upon which they based their settlement or calculations was correct, when he knew it was not. *Sexton* v. *Sexton,* 9 Gratt. 204, 215.

But conceding that there was a veriance, was it not a proper case for permitting an amendment of the bill?

The time when, and circumstances under which, amended bills may be filed was recently considered by this court in the case of *Kinney* v. *Craig,* 103 Va. 158, where numerous authorities are cited. Under the rules of practice, as stated in that case, and the cases cited, it is clear that the Corporation Court erred in refusing to permit the amended and supplemental bill offered in this case to be filed, unless the fact that the original bill was sworn to justified its action.

The object of filing the amended bill was to conform the pleadings to the proof, which is a class of amendments freely permitted, if promptly made after the necessity arises and before final decree. 16 Cyc. 346. There was no unreasonable delay in tendering the bill, and there had been no final decree; the amended bill explained fully the necessity for the amendment. It not only did not make a new case, but the difference between it and the original bill is so slight that no change in the issues directed would be necessary. While amendments to sworn bills are allowed with great caution they are permitted to prevent a failure of justice. 16 Cyc. 347.

If the allegations of the amended bill are true, the complainant clearly has the right to have a settlement of the partnership accounts, and to refuse him an opportunity to make good those allegations by proof, under the circumstances disclosed by the record, would, as it seems to us, result in a denial of justice by sacrificing substance to form.

We are of opinion, therefore, to reverse the decree complained of, and to remand the cause to the Corporation Court, with direction to permit the complainant's amended and supplemental bill to be filed, if promptly tendered, and for such further proceedings as may be necessary to a final decree.

*Reversed.*